UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X Civil Action No.:

DANIEL KASSEL,

Plaintiff,

-against-

ROBERT MOYNIHAN, JR., KATIE GLORE, JOSHUA PHELPS, CARTUNA, L.L.P., and COMEDY CENTRAL, a subsidiary of VIACOM, INC.,

Defendants

COMPLAINT

-------------------------------------------------------X

Plaintiff complaining of Defendants by FURGANG & ADWAR, LLP, its attorneys, respectfully alleges:

## INTRODUCTION

The present action is a claim for copyright infringement against the Defendants for their unauthorized use of original creative works by the Plaintiff. As described below, the Defendants deliberately exploited the Plaintiff's original creative works without authorization causing monetary damages to the Plaintiff.

However, the damages go beyond the monetary. The original creative works were developed from ideas and emotions the Plaintiff has developed since his childhood. For example, manatees have captivated the Plaintiff since childhood – he incorporated the concept of a manatee cartoon drawing from his childhood experiences and beyond. Indeed the Plaintiff still has notebooks from when he was 8 or 9 years old in which he recorded facts and information about manatees. These were part of his inspiration and comfort. The Plaintiff knew for some time that he wanted to create a cartoon about a manatee character. The Plaintiff can and will document these ideas in emails outlining the idea and other documents. The Plaintiff formed a YouTube channel with his character's name "Jukebox Manatee" dating back to 2013.

Later, as a student at Pratt Institute, the Plaintiff was able to fully form his ideas in the form of a film. He combined this lifelong love of manatees with his own deeply personal experiences with bullying and abuse to put a spotlight on the mistreatment of manatees, the environment and other wildlife. He drew additional inspiration from personal relationships and from the photography of Chris Jordan. In short, the Plaintiff poured his inspiration, emotion and experience into this original creative work.

It was a shocking and hurtful experience for the Plaintiff to have his original creative work stolen from him. The damage was monetary but also emotional. The Defendants' willful violations have had a deep impact. The Plaintiff deserves recompense for these violations.

**THE PARTIES**

1. Plaintiff, DANIEL KASSEL, is an individual residing in Westchester County, New York.

2. Defendant ROBERT MOYNIHAN, JR. (hereinafter referred to as "MOYNIHAN") is, upon information and belief, an individual residing in the State of New York.

3. Defendant KATIE GLORE (hereinafter referred to as "GLORE") is, upon information and belief, an individual residing in the State of New York.

4. Defendant JOSHUA PHELPS (hereinafter referred to as "PHELPS") is, upon information and belief, an individual residing in the State of New York.

5. Defendant CARTUNA, L.L.C. (hereinafter referred to as "CARTUNA") is, upon information and belief, a limited liability corporation of the State of New York with offices at 100 Bogart Street, #3, Brooklyn, New York.

6. Defendant COMEDY CENTRAL (hereinafter referred to as "COMEDY CENTRAL") is, upon information and belief, a subsidiary of VIACOM, INC. (hereinafter referred to as "VIACOM"), upon information and belief, a corporation of the State of Delaware with offices at 1515 Broadway, New York, New York.

**CLAIMS**

7. As hereinafter more fully appears, this is a civil action for (a) copyright infringement arising under the Copyright Laws of the United States, the Act of October 19, 1976, 17 U.S.C. §§ 101, et seq.; (b) unfair competition arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq., and specifically under U.S.C. §1121 and §1125(a), and (c) deceptive acts and practices arising under the General Business Laws of the State of New York, N.Y. Gen. Bus. Law § 349(a).

**JURISDICTION**

8. Jurisdiction is founded on the provisions of 28 U.S.C. §§ 1333(a) and (b) and 28 U.S.C. § 1367, and venue is provided under 28 U.S.C. § 1400(a).

**FACTS RELATED TO ALL CLAIMS**

9. Plaintiff has had a lifelong adoration of manatees. In 2013, Plaintiff started the YouTube channel "Jukebox Manatee" to provide links to a cartoon project he had created starring the manatee character "Jukebox Manatee."

10. In 2018, as a student at Pratt Institute, Plaintiff continued his work on the "Jukebox Manatee" idea and began to complete a fully devised pitch for his final product, "Happily Everglades After" (hereinafter referred to as the "WORK").

11. In February 2018, Plaintiff presented the idea, animatic, storyboards, and character designs of the WORK to a classroom of students at Pratt Institute for the course's customary peer review.

12. On or about March 26, 2018, Plaintiff presented his first official pitch presentation in the Pratt Institute theater at Myrtle Hall to invited guests in attendance, including agents and industry professionals.

13. When Plaintiff made his first presentation in theatre on March 26, 2018, he did not have a planned ending for the story, and, in brainstorming with the audience of students, he discussed his idea that the manatee and bird characters may wake as if from a dream at the end of the story, in their human style apartment in water, sitting on a couch together.

14. Plaintiff continued to work on the WORK and present it to audiences comprised of his classmates, industry professionals, and guests at Myrtle Hall on May 2, 2018, September 12, 2018, October 15, 2018, November 26, 2018, February 25, 2019, and March 18, 2019.

15. On May 14, 2019, the final Film was screened at Pratt Institute's graduation "All Animation Show" at Higgins Hall at the Pratt Institute.

16. Plaintiff continued post production work on his film until October 2019, and then began to submit the WORK for inclusion in film festivals and promote the WORK publicly.

17. Plaintiff promoted his WORK for Halloween 2019, and drew his manatee character in makeup resembling Joker from the Batman franchise, posting it online to Instagram.

18. After the WORK premiered at the New Jersey International Film Festival ("NJIFF") in September 2020, Plaintiff posted the WORK to his YouTube channel

19. In August 2020, prior to NJIFF, Plaintiff learned of Defendants' animated series "Loafy" (hereinafter referred to as the "INFRINGING WORK") .

20. Joshua Phelps, his fellow classmate, was present at Plaintiff's presentations of the WORK

21. Katie Glore, another classmate, was also present at Plainitff's presentations of the WORK

22. Upon information and belief, beginning in 2018 and continuing until the present date, Mr. Phelps was employed as an "Animator" at Defendant CARTUNA and continues to work for CARTUNA as an animator on the INFRINGING WORK.

23. Upon information and belief, GLORE was also employed by Defendant CARTUNA during Plaintiff's exhibition of his work at Pratt Institute.

## COMPARISON OF WORKS

24. Plaintiff repeats and alleges each and every allegation contained in ¶¶ 1 through 23 as though fully set forth herein.

25. A comparison of Plaintiff's WORK and Defendants' INFRINGING WORK shows numerous examples and descriptions of substantial similarity evidencing direct and willful infringement by Defendants.

26. In Plaintiff's WORK, the manatee character has a friend, a small purple and yellow bird. Plaintiff's original character design showed the manatee with the small purple and yellow bird sitting on his head. Defendant COMEDY CENTRAL's show's manatee character has a small purple and yellow hat.

27. Plaintiff's WORK opens with the manatee character getting run over by a boat and shows the scars on his back the manatee has suffered from this injury. In the proof of Defendants' concept for the INFRINGING WORK, the manatee is presented being run over by a boat which leaves him with the same scars.

28. In Plaintiff's WORK, the manatee character thinks the blonde human girl in the boat is his girlfriend. In Defendants' proof of concept of the INFRINGING WORK, their manatee has a blonde human girlfriend, but before the premiere, her design was changed. In both the blonde girlfriend treated the character poorly.

29. Plaintiff proposed a scene to his classmates that suggested his WORK end with the manatee and bird living in their human style apartment in water on a central couch. Although that proposed scene was not included in Plaintiff's final production of the WORK, the Defendants' INFRINGING WORK shows the manatee character living in a human style apartment in water with a central couch.

30. At the same time as Plaintiff posted the manatee in Joker makeup picture on Instagram, he also posted a character animation of what he called "Barbarian Guinea Pig." In one episode of Defendants' INFRINGING WORK, a character called "Warrior Rat" appears, which is similarly designed.

31. In Plaintiff's WORK, the manatee's bird friend has a PTSD flashback reflected in his eyes, and after reliving the trauma, he immediately goes back to normal conversation. In an episode of Defendants' INFRINGING WORK, there is a bird character experiencing a PTSD flashback reflected in his eyes and then immediately goes back to normal conversation.

32. Plaintiff's WORK presents a scene with the manatee and bird where a bubble heart floats and then disintegrates. Defendants' INFRINGING WORK presents a heart made of smoke and disintegrating in an identical manner.

33. Plaintiff's manatee in WORK slaps his belly while speaking, as does Defendants' manatee character "Loafy" in the INFRINGING WORK (see **Exhibit H**).

34. Plaintiff's WORK shows the manatee beatboxing songs to himself as he slaps his belly. Defendants' manatee character "Loafy" also slaps his belly and beatboxes songs. The soundtrack for the INFRINGING WORK is all beatboxing and natural noises without instruments, as addressed by MOYNIHAN at the end of Episode 7 at 7:25 of the INFRINGING WORK (see **Exhibits H** and **I**).

35. Defendants' manatee character's enemy in the INFRINGING WORK is named Dan, the first name of the Plaintiff.

## COUNT 1

(Copyright Infringement)

36. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 35 as though fully set forth herein.

37. This Count is against Defendants MOYNIHAN, GLORE, PHELPS, COMEDY CENTRAL and CARTUNA and arises out of the occurrences as set forth hereinabove and hereinafter and is pursuant to 17 U.S.C. §§ 101 et seq.

38. Plaintiff is the author of a copyrighted work comprised of an original animated short film entitled "Happily Everglades After" (hereinafter referred to as the "WORK") and registered with the Copyright Office. (**Exhibit K**.)

39. Plaintiff has been complying, in all respects, with the Act of 1976 and all other laws governing copyrights, and secured the exclusive rights and privileges in and to the copyright of said WORK and received from the Register of Copyrights a Certificate of Registration No. PA 2-297-074, dated June 16, 2021 (**Exhibit K**).

40. Plaintiff has always been and still is the sole proprietor of all right, title, and interest in and to the copyright in said WORK.

41. Upon information and belief, beginning in February 2018, Defendants CARTUNA and COMEDY CENTRAL through its agents and employees, PHELPS and GLORE, had access to all of Plaintiff's presentations and progress of Plaintiff's WORK in classes at Pratt Institute (see **Exhibit F**).

42. Upon information and belief, beginning in 2019 and continuing until the present date, Defendants MOYNIHAN, GLORE, COMEDY CENTRAL and CARTUNA infringed Plaintiff's copyright in the WORK by copying the artistic styles, characters, plots, and themes of WORK, and producing a substantially similar version of the WORK as an animated series entitled "Loafy" (hereinafter referred to as "INFRINGING WORK") (see **Exhibit E** and **Exhibit H**).

43. Upon information and belief, beginning in 2018 and continuing until the present date, Plaintiff's former classmate Joshua Phelps is employed as an "Animator" at Defendant CARTUNA on Defendants MOYNIHAN, GLORE, PHELPS, CARTUNA and COMEDY CENTRAL's animated series "Loafy" (see **Exhibit G**).

44. Defendants MOYNIHAN, GLORE, PHELPS, COMEDY CENTRAL and CARTUNA have been producing, publishing, selling, distributing and/or otherwise marketing the INFRINGING WORK and have thereby been engaging in copyright infringement against Plaintiff, causing Plaintiff irreparable damage.

**COUNT 2**

(Copyright Infringement)

45. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 44 as though fully set forth herein.

46. This Count is against Defendant COMEDY CENTRAL, and arises out of the occurrences as set forth hereinabove and hereinafter and is pursuant to 17 U.S.C. §§ 101 et seq.

47. Upon information and belief, beginning in 2019 and continuing until the present date, Defendant COMEDY CENTRAL infringed Plaintiff's copyright in the WORK by producing; distributing and marketing the hereinabove mentioned INFRINGING WORK.

48. Defendant has been producing, distributing and/or otherwise marketing the INFRINGING WORK and has thereby been engaging in copyright infringement against Plaintiff, causing Plaintiff irreparable damage.

**COUNT 3**

(Unfair Competition)

49. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 48 as though fully set forth herein.

50. This Count is against Defendants MOYNIHAN, GLORE, PHELPS, CARTUNA, and COMEDY CENTRAL and arises out of the occurrences as set forth hereinabove and hereinafter.

51. This Count arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq., and specifically under U.S.C. §1121 and §1125(a), and is to remedy false designations of origin and false description and representations in commerce.

52. Plaintiff is the sole proprietor of all right, title, and interest in and to the WORK.

53. Defendants MOYNIHAN. GLORE, PHELPS and CARTUNA, individually and as principals, agents, or employees of Defendant COMEDY CENTRAL appropriated the WORK as aforesaid, and is falsely describing the origin of the INFRINGING WORK as conceived of by Defendants, as set forth hereinabove, thereby palming off Plaintiff's WORK as that of Defendants.

54. This appropriation by Defendants of Plaintiff's WORK has caused confusion and mistake and has deceived viewers as to the source of origin of the INFRINGING WORK. Defendants' use of Plaintiff's WORK is and was calculated to deceive the trade and public into believing that the INFRINGING WORK is and was conceived of and created by Defendants.

55. Plaintiff has no adequate remedy at law, has suffered irreparable harm and damage as a result of Defendants' palming off, and is suffering monetary damages in an amount not thus far determined, but believed to be in excess of $1,000,000.00.

**COUNT 4**

(Deceptive Acts and Practices)

56. Plaintiff repeats and realleges each and every allegation contained in ¶¶ 1 through 55 as though fully set forth herein.

57. This Count is against Defendants MOYNIHAN, GLORE, PHELPS, CARTUNA, and COMEDY CENTRAL and arises out of the occurrences as set forth hereinabove and hereinafter.

58. This Count arises under the General Business Laws of the State of New York, N.Y. Gen. Bus. Law § 349(a), and is to remedy deceptive acts and practices, specifically false and misleading representations as to the origin of the INFRINGING WORK.

59. Defendants MOYNIHAN, GLORE, PHELPS and CARTUNA, individually and as principals, agents, or employees of Defendant COMEDY CENTRAL affirmatively acted to appropriate the WORK as aforesaid, and through affirmative acts, representations and omissions, is falsely representing the INFRINGING WORK as conceived of by Defendants, as set forth hereinabove, thereby misleading consumers to perceive Plaintiff's WORK as that of Defendants.

60. Plaintiff has no adequate remedy at law, has suffered irreparable harm and damage as a result of Defendants' false and misleading representations, and is suffering monetary damages in an amount not thus far determined, but believed to be in excess of $1,000,000.00.

**WHEREFORE,** Plaintiff demands:

1. That Defendants, their agents and servants, employees, attorneys, and those acting in concert with Defendants, be enjoined during the pendency of this action and permanently from infringing the copyrighted WORK of Plaintiff DANIEL KASSEL, herein in any manner, and from making, selling, marketing, or otherwise disposing of any copies of the INFRINGING WORK;

2. That Defendants be required to account to Plaintiff for all gains, profits, and advantages derived from Defendants' wrongful acts;

3. With respect to the copyright infringement alleged in Counts 1 and 2 that Plaintiff recover from Defendants MOYNIHAN, GLORE, PHELPS, CARTUNA, and COMEDY CENTRAL actual damages provided by 17 U.S.C. §504(b);

4. With respect to the unfair competition alleged in Count 3, that Plaintiff recover from Defendants MOYNIHAN, GLORE, PHELPS, CARTUNA, and COMEDY CENTRAL damages in an amount not less than $1,000,000.00.

5. With respect to the deceptive acts and practices alleged in Count 4 that Plaintiff recover from Defendants MOYNIHAN, GLORE, PHELPS, CARTUNA, and COMEDY CENTRAL damages in an amount not less than $1,000,000.00.

6. That Defendants be directed to remove the INFRINGING WORK from Defendant COMEDY CENTRAL's programming in Defendants' possession or under Defendants' control, which, if performed, displayed, sold, distributed, or used in any way would violate ¶1 hereof;

7. That Defendants be directed to deliver up to Plaintiff for destruction all copies and/or reproductions of derivatives embodying the INFRINGING WORK, in Defendants' possession or under the Defendants' control, which, if sold, distributed, or used in any way would violate ¶1 hereof;

8. That Plaintiff recover from Defendants reasonable counsel fees together with the costs of this action;

9. That Defendants be required to account to Plaintiff for all gains, profits, and advantages derived from Defendants' wrongful acts;

10. That Plaintiff has such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
August 7, 2023

FURGANG & ADWAR, L.L.P.
Attorneys for Plaintiff

By: /Armando Llorens/
(AL 1757)
515 Madison Avenue
Suite 6W
New York, New York 10022
(212) 725 - 1818
armando@furgang.com